[Crim. No. 1128. Third Appellate District.—August 6, 1930.]

THE PEOPLE, Respondent, v. HARRY SMITH, Appellant.

Edward Bickmore for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information herein charges the defendant with the crime of burglary and with three prior convictions of felonies. He entered a plea of not guilty but admitted the alleged prior convictions. The jury found him guilty of burglary of the second degree and the trial court denied his motion for a new trial. He has appealed from the judgment of conviction and the order denying a new trial.

Witnesses for the prosecution testified that the defendant was in possession of an automobile tire which had been stolen from the rear end of an automobile in a private garage. The defendant testified that he and another man stole the tire, but claimed that the rear end of the automobile from which they took it was outside of the garage door. The only dispute in the evidence is as to whether the garage was entered to secure the tire. Two witnesses for the prosecution testified that the automobile was entirely within the garage, and if their testimony is true the defendant is guilty of the crime of burglary. The defendant was arrested immediately after he took the tire and at the time of his arrest the stolen tire and other stolen articles of lesser value were found in his automobile. The prosecution was permitted, over the defendant's objections, to prove that these other articles had been stolen during the

night preceding the taking of the tire, which was stolen about 4 o'clock in the morning of April 24, 1930. Prior to the introduction of this testimony the defendant had testified that he stole the tire. ■ As said in the appellant's opening brief, "the matter of the position of the tire when so taken . . . was the only point in dispute between the witnesses." Proof that the defendant had stolen other articles from other persons had no tendency to solve the disputed question. The most that can be said, however, in support of the appellant's assignment of error is that the admission of such evidence tended to discredit the defendant in the eyes of the jurors. Before the admission of such evidence the defendant, as a witness in his own behalf, had testified, on direct examination, that he was convicted of burglary in Sacramento County in 1913; that, under the name of Frank Wilson, he was convicted of grand larceny in Idaho in 1915; that he was convicted of burglary in San Joaquin County in 1918; and, as stated, that he stole the tire in question. After the defendant had been discredited by such testimony, given by himself, it is highly improbable that any juror was further influenced against him by additional proof tending to show that he had stolen the articles of small value found in his automobile, and, therefore, it does not appear that the admission of such evidence has resulted in a miscarriage of justice.

The judgment and the order are affirmed.

Thompson (R. L.), J., concurred.